# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Lindsay Kadas,

    Plaintiff,

v.

Round the Clock Services, Inc.,

    Defendant.

Case No. _____

18 1057

JURY TRIAL DEMANDED

FILED
MAR 12 2018
By KATE BARKMAN, Clerk
_____ Dep. Clerk

## COMPLAINT

NOW COMES Plaintiff, Lindsay Kadas, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations by Round The Clock Services, Inc. (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*).

## JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.")

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 216 Old Forge Drive, Bath, PA 18014.

8. Defendant is a Pennsylvania business entity with a regular place of business located at 2320 Broadheard Road, Bethlehem, PA 18020.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant as a Floating Cleaner on about June 20, 2016.

12. On or about June 1, 2017, Plaintiff began being supervised by Debra Weidner ("Ms. Weidner").

13. Shortly after Ms. Widener became Plaintiff's supervisor, Plaintiff's workload was significantly increased. For example, Plaintiff was regularly required to work two (2) shifts in the same day.

14. In or around late July or early August of 2017, Plaintiff complained to Owner Randy Kissinger ("Mr. Kissinger") and Vice President Joanne Sigafoos ("Ms. Sigafoos") about the fact that her workload had recently been increased.

15. On or about August 4, 2017, Plaintiff met with Ms. Weidner. At that time, Plaintiff again complained of the increased workload, and further explained that the workload was resulting in a hardship due to the fact that she had a fiancé and two (2) children at home.

16. In response to Plaintiff's Complaint, Ms. Wediner stated: "In a normal relationship, one parent stays home and one goes to work to make a living. I don't know how it works in your house but maybe your kids are confused because you are both women. They might not understand the gender roles."

17. On or about August 7, 2017, Plaintiff was terminated from employment.

### Count I
### Violations of the Title VII
### (Sex/Gender-based Discrimination, Hostile Work Environment and Retaliation)

18. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

19. Defendant is an employer as defined by the Title VII.

20. Title VII makes it an unlawful employment practice to, *inter alia*, discriminate against an individual "because of such individual's . . . sex."

21. Title VII's "because of sex" provision has been recognized as prohibiting discrimination on the basis of sexual orientation, including where said discrimination arises out of a claim based on nonconformity to gender stereotypes.[1]

22. As described in detail above, Plaintiff was subjected to discriminatory comments based on her sexual orientation and the fact that she did not conform to gender stereotypes.

23. Within a close temporal proximity of the aforementioned discriminatory comments, Plaintiff was terminated from employment.

24. Plaintiff was terminated from employment with Defendant because of her sexual orientation.

25. Plaintiff was terminated from employment with Defendant because she failed to conform to gender stereotypes.

---

[1] *See, e.g., Burnett v. Union railroad Company*, 2017 WL 2731284 (W.D. Pa.. 2017). *See also U.S. Equal Emp't Opportunity Comm'n v. Scott Med. Health Ctr., P.C.*, 217 F. Supp. 3d 834, 841 (W.D. Pa. 2016) ("[t]here is no more obvious form of sex stereotyping than making a determination that a person should conform to heterosexuality.... [D]iscrimination on the basis of sexual orientation is, at its very core, sex stereotyping plain and simple; there is no line separating the two") ("Title VII's 'because of sex' provision prohibits discrimination on the basis of sexual orientation"); *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 341 (7th Cir. 2017) ("we conclude today that discrimination on the basis of sexual orientation is a form of sex discrimination"); *Philpott v. N.Y.*, No. 16-6778, 2017 WL 1750398, at *2 (S.D.N.Y. May 3, 2017) ("plaintiff's sexual orientation discrimination claim is cognizable under Title VII"); *Somers v. Express Scripts Holdings*, No. 1:15-1424, 2017 WL 1332145, at *14 n.8 (S.D. Ind. Apr. 11, 2017) ("if Mr. Somers were to raise a claim based on sexual orientation, such a claim would be cognizable under Title VII); *Boutillier v. Hartford Pub. Sch.*, No. 3:13-1303, , 2016 WL 6818348, at *9 (D. Conn. Nov. 17, 2016) ("the Court finds that Title VII protects individuals who are discriminated against on the basis of sex because of their sexual orientation"); *Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 197 F. Supp. 3d 1334, 1346 (N.D. Fla. 2016) ("[t]his view—that discrimination on the basis of sexual orientation is necessarily discrimination based on gender or sex stereotypes, and is therefore sex discrimination—is persuasive to this Court, as it has been to numerous other courts and the EEOC"); *Isaacs v. Felder Services, LLC*, 143 F. Supp. 3d 1190, 1193 (M.D. Ala. 2015) (holding that claims of sexual orientation-based discrimination cognizable under Title VII); *Baldwin v. Anthony Foxx, Sec'y, Dep't of Transp.*, EEOC Appeal No. 0120133080, 2015 WL 4397641, at *10 (EEOC July 16, 2015) (holding that "allegations of discrimination on the basis of sexual orientation necessarily state a claim of discrimination on the basis of sex"); *Terveer v. Billington*, 34 F. Supp. 3d 100, 116 (D.D.C. 2014) (finding that the plaintiff's allegations that he is a homosexual male whose sexual orientation is not consistent with the defendant's perception of acceptable gender roles, that his status as a homosexual male did not conform to the defendant's gender stereotypes associated with men, and that his orientation as homosexual was removed him from the defendant's preconceived definition of male, was sufficient to state a claim of sex discrimination); *Heller v. Columbia Edgewater Country Club*, 195 F. Supp. 2d 1212, 1222 (D. Or. 2002) ("[n]othing in Title VII suggests that Congress intended to confine the benefits of that statute to heterosexual employees alone").

26. The above actions constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Our References:   Lindsay Kadas v. Round The Clock Services, Inc.
                  EEOC Charge No. 530-2018-00901

Ms. Lindsay Kadas
216 Olde Forge Drive
Bath, PA 18014

Dear Ms. Kadas,

This is with reference to your correspondence and subsequent communication with this office in which you alleged employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, by the above-named Respondent.

Review of the available evidence does not establish a violation of the statute. This does not certify that Respondent is in compliance with the statute. While we fully understand that the parties to a Charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

We regret that we could not be of further service to you in this matter.

                                        Sincerely,

February 16, 2018                       _Dilip Gokhale_
Date                                    Dilip Gokhale
                                        Acting Enforcement Supervisor

Enclosure: Dismissal And Notice of Rights

cc:   Christa Levko, Esq.
      Kraemer, Manes, & Associates, LLC

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lindsay Kadas<br>216 Olde Forge Drive<br>Bath, PA 18014 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-00901 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     2/16/2018
Jamie R. Williamson,            *(Date Mailed)*
District Director

Enclosures(s)

cc:
Randy Kissinger           Christa Levko, Esq.
Servicemaster By Round The Clock Cleaning     Kraemer, Manes, & Associates, LLC
2320 Broadhead Road        8 Penn Center, 16th Floor
Bethlehem, PA 18020        1628 JFK Boulevard, Suite 1650
                               Philadelphia, PA 19103